UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

STEVEN RILEY,

                                    Plaintiff,

        -against-

THE CITY OF NEW YORK, N.Y.C. POLICE
DETECTIVE JOSE MORALES, SHIELD # 7476, AND
N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITY,

                                      Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

07 CV 11399 (RJH)

JURY TRIAL DEMANDED

        Defendant City of New York,[1] by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint, respectfully alleges, upon information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to seek relief as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action, invoke the Court's jurisdiction and base venue as stated therein.

        3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

---

[1] Upon information and belief and a review of the docket sheet, Police Officer Morales was served with the summons and complaint for this action on March 4, 2008. Assuming service of process was properly effectuated, Police Officer Morales' answer is due on March 24, 2008.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that Police Officer Morales was employed by the City of New York as a Police Officer in January 2007 and was assigned to the 10th Precinct, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identity of the unidentified officers, and states that the allegations concerning "acting within the scope and authority of their employment" sets forth conclusions of law rather than averments of fact, to which no response is required.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to sue Police Officer Morales in his individual and official capacity as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York is a municipal corporation organized and existing under and by virtue of the laws of the State of New York, that the City of New York maintains a Police Department, that Police Officer Morales was employed by the City of New York as a police officer in January 2007, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identity of the unidentified police officers.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York maintains a Police Department wherein the police officers are trained.

8. Denies the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "16" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what was allegedly said and what plaintiff was wearing during the alleged incident.[2]

16. Denies the allegations set forth in paragraph "17" of the complaint.

17. Denies the allegations set forth in paragraph "18" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged nervous condition.

18. Denies the allegations set forth in paragraph "19" of the complaint.

19. Denies the allegations set forth in paragraph "20" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what plaintiff said or how plaintiff felt during the incident.

20. Denies the allegations set forth in paragraph "21" of the complaint.

21. Denies the allegations set forth in paragraph "22" of the complaint, except admits that plaintiff was arrested on January 28, 2007, taken to the 10th Precinct for arrest processing and issued a desk appearance ticket.

---

[2] Defendant notes that plaintiff's complaint is misnumbered in that there is no paragraph numbered "15."

22. Denies the allegations set forth in paragraph "23" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

24. Denies the allegations set forth in paragraph "25" of the complaint.

25. Denies the allegations set forth in paragraph "26" of the complaint.

26. Denies the allegations set forth in paragraph "27" of the complaint.

27. Denies the allegations set forth in paragraph "28" of the complaint.

28. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Denies the allegations set forth in paragraph "30" of the complaint, except states that the allegations concerning acting under color of law set forth conclusions of law rather than averments of fact, to which no response is required.

30. Denies the allegations set forth in paragraph "31" of the complaint.

31. Denies the allegations set forth in paragraph "32" of the complaint.

32. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "31" of this answer as if fully set forth herein.

33. Denies the allegations set forth in paragraph "34" of the complaint.

34. Denies the allegations set forth in paragraph "35" of the complaint.

35. In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "34" of this answer as if fully set forth herein.

36. Denies the allegations set forth in paragraph "37" of the complaint.

37. Denies the allegations set forth in paragraph "38" of the complaint.

38. In response to the allegations set forth in paragraph "39" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "37" of this answer as if fully set forth herein.

39. Denies the allegations set forth in paragraph "40" of the complaint.

40. Denies the allegations set forth in paragraph "41" of the complaint.

41. In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "40" of this answer as if fully set forth herein.

42. Denies the allegations set forth in paragraph "43" of the complaint.

43. Denies the allegations set forth in paragraph "44" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

44. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

45. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

46. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

47.   Plaintiff provoked any incident.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

48.   Punitive damages cannot be recovered as against the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

49.   At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

50.   This action may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

51.   Plaintiff may have failed to comply with the provisions of New York General Municipal Law § 50-e and § 50-i.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

52.   To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

55.   There was probable cause for plaintiff's arrest and prosecution.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

56.   The actions of any officer involved were justified by probable cause and/or reasonable suspicion.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

57. There was reasonable suspicion and/or probable cause for any search.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint, as against it with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
            March 10, 2008

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                          City of New York
                          Attorney for Defendant City of New York
                          100 Church Street
                          New York, New York 10007
                          (212) 788-0988

                By: _____
                       Brian Francolla
                       Assistant Corporation Counsel

To:    Steven Hoffner, Esq. (By ECF and mail)
        Attorney for Plaintiff
        Law Office of Steven Hoffner, Esq.
        350 Broadway, Suite 1105
        New York, New York 10013

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, Brian Francolla, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on March 10, 2008, I served the annexed **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK** upon the following attorney for plaintiff by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney for the plaintiff at the address set forth below, being the address designated by said attorney for plaintiff for that purpose:

Steven Hoffner, Esq.
Attorney for Plaintiff
Law Office of Steven Hoffner, Esq.
350 Broadway, Suite 1105
New York, New York 10013

Dated: New York, New York
       March 10, 2008

Brian Francolla
Assistant Corporation Counsel

07 CV 11399 (RJH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN RILEY,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, N.Y.C. POLICE DETECTIVE JOSE MORALES, SHIELD # 7476, AND N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY,

                              Defendants.

## ANSWER TO COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Brian Francolla*
*Tel: (212) 788-0988*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................,2008*

*....................................................................Esq.*

*Attorney for ..........................................................*