UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

STEVEN RILEY,

                                          Plaintiff,    JOINT PROPOSED
                                                            SCHEDULING ORDER

               -against-

                                                               07 CV 11399 (RJH)

THE CITY OF NEW YORK, N.Y.C. POLICE
DETECTIVE JOSE MORALES, SHIELD # 7476, AND
N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITY,

                                            Defendants.

------------------------------------------------------------------------ x

1.    **Description of the Case.**

    a.    **Attorneys of record for each party, including lead trial attorney:**

For Plaintiff:    Steven Hoffner, Esq., 350 Broadway, Suite 1105, New York, New York 10013. (212) 941-8330.

For Defendants:    Brian Francolla, Assistant Corporation Counsel, New York City Law Department, 100 Church Street, New York, New York 10007. (212) 788-0988.

                              Sarah B. Evans, Assistant Corporation Counsel, New York City Law Department, 100 Church Street, New York, New York 10007. (212) 788-1041

    b.    **Basis for federal jurisdiction:**

This action is brought under 42 USC § 1983 for the violation of the civil rights of the plaintiff. Defendant denies any violation of plaintiff's civil rights, but does not challenge the Court's jurisdiction over this matter.

    c.    **Claims asserted in the complaint and any counterclaims:**

Plaintiff claims that his residence was unlawfully entered and searched, that he was falsely arrested/detained, and subsequently maliciously prosecuted. Defendant has asserted no counterclaims.

    d.    **Major legal and factual issues in the case:**

- Whether the officers entered and/or searched plaintiff's residence on January 29, 2007, and whether the alleged entry and/or search was/were lawful.

- Whether the officers had probable cause to arrest plaintiff on January 29, 2007.

- Whether it was objectively reasonable for the defendant officers to believe that the detention of plaintiff was justified by reasonable suspicion and/or probable cause.

- Whether the subsequent prosecution of plaintiff as a result of his January 29, 2007 arrest was justified by probable cause.

- Whether the City of New York was deliberately indifferent to alleged, previous, unlawful acts of defendant officers, and if so, whether that alleged deliberate indifference caused plaintiff's constitutional rights to be violated on January 29, 2007.

    e.    **Relief sought:** Plaintiff seeks compensatory damages and punitive damages as against the City of New York and the individual officer defendants.

2.    **Proposed Case Management Plan**

    a.    **All pending motions:** None.

    b.    **Date for joinder of additional parties:**    May 12, 2008

    c.    **Date for amendments to pleadings:**    May 12, 2008

    d.    **Schedule for completion of discovery, including:**

        i.    **Date for Rule 26(a)(1) disclosures:** March 28, 2008

        ii.    **Date for fact discovery completion:** August 29, 2008

        iii.    **Date for Rule 26(a)(2) disclosures:** September 12, 2008

        iv.    **Date for expert discovery completion:** November 14, 2008

            a.    **Plaintiff's expert report due by:** September 26, 2008

            b.    **Defendants' expert report due by:** October 24, 2008

    e.    **Date for filing dispositive motions:** December 19, 2008

    f.    **Date for filing a final pretrial order:** December 19, 2008

   e.  Proposed trial schedule, including:

       i.  Whether a jury trial is requested: The parties request a jury trial.

       ii. The probable length of the trial: Approximately 3-4 days.

       iii. When the case will be ready for trial: February 3, 2009, or 45 days following the Court's ruling on any dispositive motions

3. Consent to Proceed Before a Magistrate Judge. At this time the parties do not consent to proceed for all purposes before a Magistrate Judge.

4. Status of Settlement Discussions:

   a. Whether any settlement discussions have occurred: Limited settlement discussions have taken place.

   b. The status of any settlement discussions: Defendants are awaiting an initial settlement demand from plaintiff.

   c. Whether the parties request a settlement conference: Yes.

Dated:   New York, New York
         March 5, 2008

Steven Hoffner, Esq.                      MICHAEL A. CARDOZO
Attorney for Plaintiff Steven Riley       Corporation Counsel of the
350 Broadway                                City of New York
Suite 1105                                Attorney for Defendant City
New York, New York 10013                    of New York
(212) 941-8330                            100 Church Street, Room 3-310
                                          New York, New York 10007
                                          (212) 788-0988

By: _____               By: _____
    Steven Hoffner                            Brian Francolla
                                              Assistant Corporation Counsel

SO ORDERED:

_____
HON. RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE

5. A status conference will be held on 9/5/08 at 10:00 a.m.

6. The matter will be referred to the MJ for a settlement conference

SO ORDERED

[signature]
USDJ
3/12/08