UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

STEVEN RILEY,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, N.Y.C. POLICE
DETECTIVE JOSE MORALES, SHIELD # 7476, AND
N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITY,

                                      Defendants.

------------------------------------------------------------------- x

**ANSWER TO COMPLAINT ON BEHALF OF DETECTIVE MORALES**

07 CV 11399 (RJH)

JURY TRIAL DEMANDED

        Defendant Detective Morales, by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the Complaint, respectfully alleges, upon information and belief, as follows:[1]

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to seek relief as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action, invoke the Court's jurisdiction and base venue as stated therein.

        3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that Detective Morales was employed by the City of New York as a Police Officer in

---

[1] On or about March 10, 2008, defendant City of New York served and filed an answer to the complaint.

January 2007 and was assigned to the 10th Precinct, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identity of the unidentified officer, and states that the allegations concerning "acting within the scope and authority of their employment" set forth conclusions of law rather than averments of fact, to which no response is required.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to sue Detective Morales in his individual and official capacity as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York is a municipal corporation organized and existing under and by virtue of the laws of the State of New York, that the City of New York maintains a Police Department, that Detective Morales was employed by the City of New York as a police officer in January 2007, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identity of the unidentified police officer.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York maintains a Police Department wherein the police officers are trained.

8. Denies the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "16"[2] of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what was allegedly said and what plaintiff was allegedly wearing during the alleged incident.

16. Denies the allegations set forth in paragraph "17" of the complaint.

17. Denies the allegations set forth in paragraph "18" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged nervous condition.

18. Denies the allegations set forth in paragraph "19" of the complaint.

19. Denies the allegations set forth in paragraph "20" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what plaintiff allegedly said or how plaintiff allegedly felt during the incident.

20. Denies the allegations set forth in paragraph "21" of the complaint.

21. Denies the allegations set forth in paragraph "22" of the complaint, except admits that plaintiff was arrested on January 28, 2007, taken to the 10th Precinct for arrest processing and issued a desk appearance ticket.

22. Denies the allegations set forth in paragraph "23" of the complaint.

---

[2] Defendant notes that plaintiff's complaint is misnumbered in that there is no paragraph numbered "15."

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

24. Denies the allegations set forth in paragraph "25" of the complaint.

25. Denies the allegations set forth in paragraph "26" of the complaint.

26. Denies the allegations set forth in paragraph "27" of the complaint.

27. Denies the allegations set forth in paragraph "28" of the complaint.

28. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Denies the allegations set forth in paragraph "30" of the complaint, except states that the allegations concerning acting under color of law set forth conclusions of law rather than averments of fact, to which no response is required.

30. Denies the allegations set forth in paragraph "31" of the complaint.

31. Denies the allegations set forth in paragraph "32" of the complaint.

32. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "31" of this answer as if fully set forth herein.

33. Denies the allegations set forth in paragraph "34" of the complaint.

34. Denies the allegations set forth in paragraph "35" of the complaint.

35. In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "34" of this answer as if fully set forth herein.

36. Denies the allegations set forth in paragraph "37" of the complaint.

37. Denies the allegations set forth in paragraph "38" of the complaint.

38. In response to the allegations set forth in paragraph "39" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "37" of this answer as if fully set forth herein.

39. Denies the allegations set forth in paragraph "40" of the complaint.

40. Denies the allegations set forth in paragraph "41" of the complaint.

41. In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "40" of this answer as if fully set forth herein.

42. Denies the allegations set forth in paragraph "43" of the complaint.

43. Denies the allegations set forth in paragraph "44" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

44. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

45. Defendant Morales has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

46. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

47. Plaintiff provoked any incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

48. At all times relevant to the incident, defendant Morales acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

49. This action may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

50. Defendant Morales has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore is protected by qualified immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

51. Plaintiff may have failed to comply with the provisions of New York General Municipal Law § 50-e and § 50-i.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

52. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

53. The actions of Officer Morales were justified by probable cause and/or reasonable suspicion.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

54. There was reasonable suspicion and/or probable cause for any search.

**WHEREFORE,** defendant Detective Morales requests judgment dismissing the Complaint, as against him with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         March 24, 2008

                         MICHAEL A. CARDOZO
                         Corporation Counsel of the
                         City of New York
                         Attorney for Defendants City of New York and
                         Detective Morales
                         100 Church Street
                         New York, New York 10007
                         (212) 788-0988

                         By: _____
                         Brian Francolla
                         Assistant Corporation Counsel

To:   Steven Hoffner, Esq. (By ECF and mail)
      Attorney for Plaintiff
      Law Office of Steven Hoffner, Esq.
      350 Broadway, Suite 1105
      New York, New York 10013

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, Brian Francolla, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on March 24, 2008, I served the annexed **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT DETECTIVE MORALES** upon the following attorney for plaintiff by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney for the plaintiff at the address set forth below, being the address designated by said attorney for plaintiff for that purpose:

Steven Hoffner, Esq.
Attorney for Plaintiff
Law Office of Steven Hoffner, Esq.
350 Broadway, Suite 1105
New York, New York 10013

Dated: New York, New York
       March 24, 2008

　　　　　　　　　　　　　　　　　　　　　　　／s／ Brian Francolla
　　　　　　　　　　　　　　　　　　　　　　　Brian Francolla
　　　　　　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel

07 CV 11399 (RJH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN RILEY,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, N.Y.C. POLICE DETECTIVE JOSE MORALES, SHIELD # 7476, AND N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY,

                              Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DETECTIVE MORALES**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and*
*Detective Morales*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Brian Francolla*
*Tel: (212) 788-0988*

*Due and timely service is hereby admitted.*

*New York, N.Y. .........................................,2008*

*................................................................ Esq.*

*Attorney for ...................................................*