UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

STEVEN RILEY,

                                                Plaintiff,

                                  -against-

THE CITY OF NEW YORK, N.Y.C. POLICE
DETECTIVE JOSE MORALES, SHIELD # 7476, AND
N.Y.C. POLICE DETECTIVE JOSEPH CORNETTA,
SHIELD #02518, EACH SUED INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITY,

                                                Defendants.

------------------------------------------------------------------ x

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND DETECTIVE MORALES**

07 CV 11399 (RJH)

JURY TRIAL DEMANDED

        Defendants City of New York and Detective Morales, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows:[1]

        1.     Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiff purports to seek relief as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiff purports to bring this action, invoke the Court's jurisdiction and base venue as stated therein.

        3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the amended complaint.

---

[1] Upon information and belief, Detective Cornetta has not been served with a copy of the summons and amended complaint in this action or requested legal representation from the Office of the Corporation Counsel, and therefore is not a defendant in this action.

4.  Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that Detective Morales and Detective Cornetta were employed by the City of New York as Police Officers in January 2007 and were assigned to the 10th Precinct, and state that the allegations concerning "acting within the scope and authority of their employment" set forth conclusions of law rather than averments of fact, to which no response is required.

5.  Deny the allegations set forth in paragraph "5" of the amended complaint, except admit that plaintiff purports to sue Detective Morales and Detective Cornetta in their individual and official capacity as stated therein.

6.  Deny the allegations set forth in paragraph "6" of the amended complaint, except admit that the City of New York is a municipal corporation organized and existing under and by virtue of the laws of the State of New York, that the City of New York maintains a Police Department, and that Detective Morales and Detective Cornetta were employed by the City of New York as Police Officers in January 2007.

7.  Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that the City of New York maintains a Police Department wherein the police officers are trained.

8.  Deny the allegations set forth in paragraph "8" of the amended complaint.

9.  Deny the allegations set forth in paragraph "9" of the amended complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the amended complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the amended complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the amended complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the amended complaint.

14. Deny the allegations set forth in paragraph "14" of the amended complaint.

15. Deny the allegations set forth in paragraph "16"[2] of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what was allegedly said and what plaintiff was allegedly wearing during the alleged incident.

16. Deny the allegations set forth in paragraph "17" of the amended complaint.

17. Deny the allegations set forth in paragraph "18" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged nervous condition.

18. Deny the allegations set forth in paragraph "19" of the amended complaint.

19. Deny the allegations set forth in paragraph "20" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what plaintiff allegedly said or how plaintiff allegedly felt during the incident.

20. Deny the allegations set forth in paragraph "21" of the amended complaint.

---

[2] Defendants note that plaintiff's amended complaint is misnumbered in that there is no paragraph numbered "15."

21. Deny the allegations set forth in paragraph "22" of the amended complaint, except admit that plaintiff was arrested on January 28, 2007, taken to the 10th Precinct for arrest processing and issued a desk appearance ticket.

22. Deny the allegations set forth in paragraph "23" of the amended complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the amended complaint.

24. Deny the allegations set forth in paragraph "25" of the amended complaint.

25. Deny the allegations set forth in paragraph "26" of the amended complaint.

26. Deny the allegations set forth in paragraph "27" of the amended complaint.

27. Deny the allegations set forth in paragraph "28" of the amended complaint.

28. In response to the allegations set forth in paragraph "29" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "30" of the amended complaint, except state that the allegations concerning acting under color of law set forth conclusions of law rather than averments of fact, to which no response is required.

30. Deny the allegations set forth in paragraph "31" of the amended complaint.

31. Deny the allegations set forth in paragraph "32" of the amended complaint.

32. In response to the allegations set forth in paragraph "33" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "31" of this answer as if fully set forth herein.

33. Deny the allegations set forth in paragraph "34" of the amended complaint.

34. Deny the allegations set forth in paragraph "35" of the amended complaint.

35. In response to the allegations set forth in paragraph "36" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "34" of this answer as if fully set forth herein.

36. Deny the allegations set forth in paragraph "37" of the amended complaint.

37. Deny the allegations set forth in paragraph "38" of the amended complaint.

38. In response to the allegations set forth in paragraph "39" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "37" of this answer as if fully set forth herein.

39. Deny the allegations set forth in paragraph "40" of the amended complaint.

40. Deny the allegations set forth in paragraph "41" of the amended complaint.

41. In response to the allegations set forth in paragraph "42" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "40" of this answer as if fully set forth herein.

42. Deny the allegations set forth in paragraph "43" of the amended complaint.

43. Deny the allegations set forth in paragraph "44" of the amended complaint.

44. In response to the allegations set forth in paragraph "45" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "43" of this answer as if fully set forth herein.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the amended complaint.

46. Deny the allegations set forth in paragraph "47" of the amended complaint.

47. Deny the allegations set forth in paragraph "48" of the amended complaint.

48. Deny the allegations set forth in paragraph "49" of the complaint.

49. Deny the allegations set forth in paragraph "50" of the complaint, except state that the allegations concerning acting under color of law set forth conclusions of law rather than averments of fact, to which no response is required.

50. Deny the allegations set forth in paragraph "51" of the complaint.

51. Deny the allegations set forth in paragraph "52" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

52. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

53. Defendant Morales has not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

54. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

55. Plaintiff provoked any incident.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

56. At all times relevant to the incident, defendant Morales acted reasonably in the proper and lawful exercise of his discretion.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

57. This action may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

58. Defendant Morales has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore is protected by qualified immunity.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

59. Plaintiff may have failed to comply with the provisions of New York General Municipal Law § 50-e and § 50-i.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

60. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

61. The actions of defendant Morales were justified by probable cause and/or reasonable suspicion.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

62. There was reasonable suspicion and/or probable cause for any search.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

63. Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

64. At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

65. To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

**WHEREFORE,** defendants City of New York and Detective Morales request judgment dismissing the amended complaint, as against them with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         April 7, 2008

>                                   MICHAEL A. CARDOZO
>                                   Corporation Counsel of the
>                                   City of New York
>                                   Attorney for Defendants City of New York and
>                                   Detective Morales
>                                   100 Church Street
>                                   New York, New York 10007
>                                   (212) 788-0988
>
>                                   By: _____
>                                        Brian Francolla
>                                        Assistant Corporation Counsel

To:   Steven Hoffner, Esq. (By ECF and mail)
      Attorney for Plaintiff
      Law Office of Steven Hoffner, Esq.
      350 Broadway, Suite 1105
      New York, New York 10013

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, Brian Francolla, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on April 7, 2008, I served the annexed **ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND DETECTIVE MORALES** upon the following attorney for plaintiff by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United State Postal Service, within the State of New York, directed to said attorney for the plaintiff at the address set forth below, being the address designated by said attorney for plaintiff for that purpose:

Steven Hoffner, Esq.
Attorney for Plaintiff
Law Office of Steven Hoffner, Esq.
350 Broadway, Suite 1105
New York, New York 10013

Dated: New York, New York
April 7, 2008

_____
Brian Francolla
Assistant Corporation Counsel

07 CV 11399 (RJH)

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN RILEY,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, N.Y.C. POLICE DETECTIVE JOSE MORALES, SHIELD # 7476, AND N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY,

                                  Defendants.

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND DETECTIVE MORALES**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and Detective Morales*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Brian Francolla*
*Tel: (212) 788-0988*

*Due and timely service is hereby admitted.*

*New York, N.Y. ………………………………,2008*

*……………………………………………………… Esq.*

*Attorney for ……………………………………*