UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

STEVEN RILEY,

                     Plaintiffs,

    -against-

THE CITY OF NEW YORK, N.Y.C.
POLICE DETECTIVE JOSE MORALES,
SHIELD # 7476, AND N.Y.C. POLICE
DETECTIVE JOSEPH CORNETTA,
SHIELD # 02518, EACH SUED
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY, AND
STACY ALLDREDGE,

                     Defendants.

------------------------------------------------------------X

07 CV 11399 (RJH)

SECOND AMENDED
COMPLAINT
AND DEMAND FOR
A JURY TRIAL

1. This is an action for compensatory and punitive damages for violation of Plaintiff's rights under the Fourth Amendment to the Constitution of the United States.

JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

PARTIES

3. Plaintiff is a resident of the City of New York, New York County, in the State of New York.

4. At all times hereinafter mentioned, the Defendant officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment.

5. They are being sued individually and in their official capacity as New

York City Police Officers.

6. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the Defendant New York City Police Department and employed the individual Defendants sued herein.

7. That upon information and belief the City was responsible for the training of its police officers. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights of the plaintiffs.

9. That defendant Stacy Alldredge is an individual who at all relevant times resided in New York, New York.

## FACTS

10. On or about January 29, 2007, at approximately 12:15 A.M., at 335 W. 19th Street, Apt. C9, New York, New York, plaintiff was asleep in his apartment at the above address when he was awakened by the buzzing of his doorbell accompanied by banging on his front door to the apartment.

11. Plaintiff was not expecting anyone at this hour so he initially ignored the noise. But, the noise grew louder. Plaintiff then saw that the door was beginning to buckle from the force of the strikes upon it.

12. Plaintiff looked through the peephole and saw that a person unknown to him was banging on the door.

13. The banging stopped for approximately one minute, at which point the plaintiff opened the door and peeked out.

14. At that point, the defendant officers came running towards plaintiff and told

2

him there was a warrant for his arrest. Plaintiff asked to see the warrant and the officers told him they did not have to show it to him.

16. The officers then told plaintiff that he had to come down to the precinct with them. Plaintiff tried to shut the door, but the officers pushed the door open and barged in to his apartment. Plaintiff was only dressed in his underwear.

17. The officers grabbed him by the forearm. Plaintiff asked what he had done. Morales said, "Harassment."

18. Plaintiff denied he had done anything wrong and began to have tremors as the incident had exacerbated an existing nervous condition.

19. The other officer began searching plaintiff's apartment, including looking in his cabinets.

20. The officers asked plaintiff why he was shaking, to which he responded that he was scared.

21. The second officer stated, "Typical faggot." Then, when asked by plaintiff what they were looking for, an officer stated, "Weapons of mass destruction."

22. Plaintiff was taken to the precinct where he was fingerprinted and a mug shot was taken. At approximately 3:30 A.M., plaintiff was given a summons and released.

23. All of the paperwork prepared regarding these false charges was prepared by defendant officer. The defendant officers included in their paperwork material misstatements of fact which they knew to be false.

24. On June 21, 2007, all criminal charges were dismissed against plaintiff.

25. As a result of Plaintiffs' false arrest, violation of his right to privacy, Plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other emotional and economic injuries.

26. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its

procedures for supervising and removing, when appropriate, unstable and violent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendants' tendencies to make unlawful arrests, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to prevent the exercise of such tendencies.

27. Defendants City and N.Y.P.D. knew or should have known that prior to the arrest date, the perpetration of unlawful arrests, commission of other unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of defendant officers was occurring, in that there were reports of such unlawful conduct by these specific officers.

28. Defendants City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

FOR A FIRST CAUSE OF ACTION
<u>FOR VIOLATION OF CIVIL RIGHTS</u>

29. Plaintiff reiterates and realleges the facts stated in the above-stated paragraphs as if stated fully herein.

30. As a result of their actions, Defendants, individually, and in conspiracy with each other, under "color of law", deprived plaintiff of his right to freedom from the deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

31. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard as to whether Plaintiff's rights would be violated by their actions.

32. As a direct and proximate result of the acts of Defendants, Plaintiff suffered injuries, endured great pain and mental suffering, and was deprived of his liberty.

## FOR A SECOND CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

33. Plaintiff reiterates and realleges the facts stated in the above-stated paragraphs as if stated fully herein.

34. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiff, violating Plaintiff's right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

35. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above and thus, Defendant City is liable for Plaintiff's injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR CONSPRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS

36. Plaintiff reiterates and realleges the facts stated in the above-stated paragraphs as if stated fully herein.

37. Defendants conspired with Stacy Alldredge and Mary Connelly to violate plaintiff's right to be free from deprivation of liberty in violation of 42 U.S.C. § 1983 by acting together to deprive plaintiff of his liberty without a lawful basis to do so.

38. As a direct and proximate result of the acts of Defendants, Plaintiff suffered injuries, endured great pain and mental suffering, and was deprived of his liberty.

### AS AND FOR A FOURTH CAUSE OF ACTION ALLEGING A<br>VIOLATION OF PLAINTIFF'S RIGHT TO EQUAL PROTECTION OF THE LAWS

39. Plaintiff reiterates and realleges the facts stated in the above-stated paragraphs as if stated fully herein.

40. Defendants denied plaintiff's right to equal protection under the law in violation of the 42 U.S.C. § 1985 and the 14th Amendment to the United States Constitution in that they subjected him to unlawful state action based upon his sexual orientation as a homosexual.

41. As a direct and proximate result of the acts of Defendants, Plaintiff suffered injuries, endured great pain and mental suffering, and was deprived of his liberty.

### AS AND FOR A FIFTH CAUSE OF ACTION<br>FOR VIOLATION OF RIGHT TO PRIVACY

42. Plaintiff reiterates and realleges the facts stated in the above-stated paragraphs as if stated fully herein.

43. Defendants denied the plaintiff's right to be secure in his home in that they entered his home without a warrant or other lawful basis to do so, in violation of his right to privacy in violation of the 4th Amendment of the United States Constitution.

44. As a direct and proximate result of the acts of Defendants, Plaintiff suffered injuries, endured great pain and mental suffering, and was deprived of his liberty.

### AS AND FOR A SIXTH CAUSE OF ACTION

45. Plaintiff reiterates and realleges the facts stated in paragraphs 1-44 as if

stated fully herein.

46. When the officers banged on plaintiff's door at around midnight, they woke him out of a deep sleep. Plaintiff jumped out of bed and proceeded to trip over his shoes in the dark as he went to answer the door.

47. Then, when the officers pushed open the door, plaintiff was knocked backwards and twisted his back. The officers also pushed plaintiff down the hallway.

48. Upon being arrested, plaintiff sustained further physical injury when he was crammed into a small back seat of the officer's car, and the officer slammed the door on plaintiff's legs to get plaintiff to move faster.

49. This use of force was excessive and unreasonable as plaintiff had offered no resistance whatsoever.

50. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

51. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

52. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

AS AND FOR A SEVENTH CAUSE OF ACTION
ALLEGING MALICIOUS PROSECUTION AGAINST STACY ALLDREDGE

53. On or about January 22, 2007, defendant Stacy Alldredge made a complaint to the NYPD against plaintiff alleging that plaintiff had made threats to her which caused her to fear for her physical safety.

54. Defendant Alldredge knew at the time she made the complaints to the

7

NYPD that none of the comments made by plaintiff included threats of violence and instead were threats to take legal action against her only.

54. 55. Nonetheless, upon information and belief defendant Alldredge conveyed to the NYPD information which did not accurately describe the phone messages left by plaintiff on her answering machine.

56. Upon information and belief, on or about January 24, 2007, defendant Morales and defendant Alldredge spoke on the telephone at which time Ms. Alldredge falsely informed Officer Morales that plaintiff had recently walked by her place of business and looked inside causing her to fear for her safety.

57. Alldredge also falsely claimed that plaintiff had not paid his bill since October, 2006, although the evidence shows that defendant received a payment from plaintiff on December 7, 2006 for the previous month's day care for his dog.

58. Based upon this information, plaintiff was arrested on or about January 28, 2007.

59. On February 22, 2007, defendant Alldredge swore out a criminal court complaint accusing plaintiff of aggravated harassment, although she had no good faith basis to believe plaintiff had committed any crime whatsoever.

60. On or about June 21, 2007, all criminal charges were dismissed against plaintiff as the time allotted to prosecute the criminal case had expired.

61. Plaintiff suffered severe physical, emotional and economic damages as a result of this malicious prosecution, for which defendant is jointly responsible.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that Defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendant officers, and The City of New York for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendant officers punitive damages in the amount of Two Million ($2,000,000.00) Dollars; and,

4. Enter an Order:

    a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

    b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:    New York, New York
            April 21, 2008

**RESPECTFULLY,**

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
350 Broadway, Suite 1105
New York, New York 10013
(212) 941-8330
(SH-0585)