UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

STEVEN RILEY,

                              Plaintiff,

                 -against-

THE CITY OF NEW YORK, N.Y.C. POLICE
DETECTIVE JOSE MORALES, SHIELD # 7476, AND
N.Y.C. POLICE DETECTIVE JOSEPH CORNETTA,
SHIELD #02518, EACH SUED INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITY, AND STACY
ALLDREDGE,

                              Defendants.

------------------------------------------------------------------ x

**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, DETECTIVE MORALES AND DETECTIVE CORNETTA**

07 CV 11399 (RJH)

JURY TRIAL DEMANDED

       Defendants City of New York, Detective Morales and Detective Cornetta, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to plaintiff's Second Amended Complaint ("the Second Amended Complaint"), respectfully allege, upon information and belief, as follows:[1]

       1.    Deny the allegations set forth in paragraph "1" of the Second Amended Complaint, except admit that plaintiff purports to seek relief as stated therein.

       2.    Deny the allegations set forth in paragraph "2" of the Second Amended Complaint, except admit that plaintiff purports to bring this action, invoke the Court's jurisdiction and base venue as stated therein.

---

[1] From a review of the docket sheet, plaintiff filed a Second Amended Complaint in this action on April 22, 2008 (See Docket Entry #13). Defendants' note, however, that the link on docket sheet entry #13 corresponds to plaintiff's first amended complaint and not to plaintiff's Second Amended Complaint. Moreover, defense counsel did not receive a copy of plaintiff's Second Amended Complaint until April 30, 2008, after we had contacted plaintiff to request same.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Second Amended Complaint.

4. Deny the allegations set forth in paragraph "4" of the Second Amended Complaint, except admit that Detective Morales and Detective Cornetta were employed by the City of New York as Police Officers in January 2007 and were assigned to the 10th Precinct, and state that the allegations concerning "acting within the scope and authority of their employment" set forth conclusions of law rather than averments of fact, to which no response is required.

5. Deny the allegations set forth in paragraph "5" of the Second Amended Complaint, except admit that plaintiff purports to sue Detective Morales and Detective Cornetta in their individual and official capacity as stated therein.

6. Deny the allegations set forth in paragraph "6" of the Second Amended Complaint, except admit that the City of New York is a municipal corporation organized and existing under and by virtue of the laws of the State of New York, that the City of New York maintains a Police Department, and that Detective Morales and Detective Cornetta were employed by the City of New York as Police Officers in January 2007.

7. Deny the allegations set forth in paragraph "7" of the Second Amended Complaint, except admit that the City of New York maintains a Police Department wherein the police officers are trained.

8. Deny the allegations set forth in paragraph "8" of the Second Amended Complaint.

9. Deny the allegations set forth in paragraph "9" of the Second Amended Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Second Amended Complaint.

11. Deny the allegations set forth in paragraph "11" of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged expectations and observations.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Second Amended Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Second Amended Complaint.

14. Deny the allegations set forth in paragraph "14" of the Second Amended Complaint.

15. Deny the allegations set forth in paragraph "16"[2] of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what was allegedly said and what plaintiff was allegedly wearing during the alleged incident.

16. Deny the allegations set forth in paragraph "17" of the Second Amended Complaint.

17. Deny the allegations set forth in paragraph "18" of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged previous nervous condition.

18. Deny the allegations set forth in paragraph "19" of the Second Amended Complaint.

---

[2] Defendants note that the Second Amended Complaint is misnumbered in that there is no paragraph numbered "15."

19. Deny the allegations set forth in paragraph "20" of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what plaintiff allegedly said or how plaintiff allegedly felt during the incident.

20. Deny the allegations set forth in paragraph "21"of the Second Amended Complaint.

21. Deny the allegations set forth in paragraph "22" of the Second Amended Complaint, except admit that plaintiff was taken to the 10th Precinct and issued a desk appearance ticket.

22. Deny the allegations set forth in paragraph "23" of the Second Amended Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Second Amended Complaint.

24. Deny the allegations set forth in paragraph "25" of the Second Amended Complaint.

25. Deny the allegations set forth in paragraph "26" of the Second Amended Complaint.

26. Deny the allegations set forth in paragraph "27" of the Second Amended Complaint.

27. Deny the allegations set forth in paragraph "28" of the Second Amended Complaint.

28. In response to the allegations set forth in paragraph "29" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "30" of the Second Amended Complaint, except state that the allegations concerning acting under color of law set forth conclusions of law rather than averments of fact, to which no response is required.

30. Deny the allegations set forth in paragraph "31" of the Second Amended Complaint.

31. Deny the allegations set forth in paragraph "32" of the Second Amended Complaint.

32. In response to the allegations set forth in paragraph "33" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "31" of this answer as if fully set forth herein.

33. Deny the allegations set forth in paragraph "34" of the Second Amended Complaint.

34. Deny the allegations set forth in paragraph "35" of the Second Amended Complaint.

35. In response to the allegations set forth in paragraph "36" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "34" of this answer as if fully set forth herein.

36. Deny the allegations set forth in paragraph "37" of the Second Amended Complaint.

37. Deny the allegations set forth in paragraph "38" of the Second Amended Complaint.

38. In response to the allegations set forth in paragraph "39" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "37" of this answer as if fully set forth herein.

39. Deny the allegations set forth in paragraph "40" of the Second Amended Complaint.

40. Deny the allegations set forth in paragraph "41" of the Second Amended Complaint.

41. In response to the allegations set forth in paragraph "42" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "40" of this answer as if fully set forth herein.

42. Deny the allegations set forth in paragraph "43" of the Second Amended Complaint.

43. Deny the allegations set forth in paragraph "44" of the Second Amended Complaint.

44. In response to the allegations set forth in paragraph "45" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "43" of this answer as if fully set forth herein.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Second Amended Complaint.

46. Deny the allegations set forth in paragraph "47" of the Second Amended Complaint.

47. Deny the allegations set forth in paragraph "48" of the Second Amended Complaint.

48. Deny the allegations set forth in paragraph "49" of the Second Amended Complaint.

49. Deny the allegations set forth in paragraph "50" of the Second Amended Complaint, except state that the allegations concerning acting under color of law set forth conclusions of law rather than averments of fact, to which no response is required.

50. Deny the allegations set forth in paragraph "51" of the Second Amended Complaint.

51. Deny the allegations set forth in paragraph "52" of the Second Amended Complaint.

52. Admit the allegations set forth in paragraph "53" of the Second Amended Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Second Amended Complaint.

54. Deny the allegations set forth in paragraph "55" of the Second Amended Complaint.

55. Deny the allegations set forth in paragraph "56" of the Second Amended Complaint, except admit that Detective Morales spoke with Alldredge on the telephone on January 24, 2007 in connection with her complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Second Amended Complaint.

57. Deny the allegations set forth in paragraph "58" of the Second Amended Complaint, except admit that plaintiff was arrested on January 28, 2007.

58. Deny the allegations set forth in paragraph "59" of the Second Amended Complaint.

59. Deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph "60" of the Second Amended Complaint.

60. Deny the allegations set forth in paragraph "61" of the Second Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

61. The Second Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

62. Defendants Morales and Cornetta have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

63. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

64. Plaintiff provoked any incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

65. At all times relevant to the incident, defendants Morales and Cornetta acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

66. This action may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

67. Defendants Morales and Cornetta have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore are protected by qualified immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

68. Plaintiff may have failed to comply with the provisions of New York General Municipal Law § 50-e and § 50-i.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

69. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

70. The actions of defendants Morales and Cornetta were justified by probable cause and/or reasonable suspicion.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

71. There was reasonable suspicion and/or probable cause for any search.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

72. Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

73. At all times relevant to the incident, defendant City of New York and its

employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

74. To the extent the Second Amended Complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

**WHEREFORE,** defendants City of New York, Detective Morales and Detective Cornetta request judgment dismissing the Second Amended Complaint, as against them with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         May 9, 2008

                      MICHAEL A. CARDOZO
                      Corporation Counsel of the
                      City of New York
                      Attorney for Defendants City of New York,
                      Detective Morales and Detective Cornetta
                      100 Church Street
                      New York, New York 10007
                      (212) 788-0988

                      By: _____
                            Brian Francolla
                            Assistant Corporation Counsel

To:   Steven Hoffner, Esq. (By ECF and mail)
      Attorney for Plaintiff
      Law Office of Steven Hoffner, Esq.
      350 Broadway, Suite 1105
      New York, New York 10013

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

      I, Brian Francolla, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on May 9, 2008, I served the annexed **ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, DETECTIVE MORALES AND DETECTIVE CORNETTA** upon the following attorney for plaintiff by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United State Postal Service, within the State of New York, directed to said attorney for the plaintiff at the address set forth below, being the address designated by said attorney for plaintiff for that purpose:

    Steven Hoffner, Esq.
    Attorney for Plaintiff
    Law Office of Steven Hoffner, Esq.
    350 Broadway, Suite 1105
    New York, New York 10013

Dated: New York, New York
       May 9, 2008

                                              Brian Francolla
                                              Assistant Corporation Counsel

07 CV 11399 (RJH)

| |
|---|
| UNITED STATE DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| STEVEN RILEY,<br><br>                            Plaintiff,<br><br>                -against-<br><br>THE CITY OF NEW YORK, N.Y.C. POLICE DETECTIVE JOSE MORALES, SHIELD # 7476, AND N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY, AND STACY ALLDREDGE<br><br>                           Defendants. |
| **ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, DETECTIVE MORALES AND DETECTIVE CORNETTA** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York,*<br>*Detective Morales and Detective Cornetta*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Brian Francolla*<br>*Tel: (212) 788-0988* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ………………………………, 2008*<br><br>*……………………………………………… Esq.*<br><br>*Attorney for ………………………………………* |