

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | BRIAN FRANCOLLA<br>*Assistant Corporation Counsel*<br>Tel.: (212) 788-0988<br>Fax: (212) 788-9776 |

July 23, 2008

**BY ECF AND FACSIMILE: (212) 805-0256**
Honorable Richard J. Holwell
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007-1312

      Re: <u>Steven Riley v. City of New York, et al.</u>, 07 CV 11399 (RJH) (KNF)

Your Honor:

      Enclosed please find a STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE which has been executed by the parties in the above-referenced matter. We respectfully request that Your Honor endorse the enclosed STIPULATION.

                                                     Respectfully submitted,

                                                     Brian Francolla
                                                     Assistant Corporation Counsel
                                                     Special Federal Litigation Division

Enc.
cc:    Steven Hoffner, Esq. (By fax and ECF)
       Attorney for Plaintiff
       Law Office of Steven Hoffner, Esq.
       350 Broadway, Suite 1105
       New York, New York 10013
       *Fax:* (212) 941-8137

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

STEVEN RILEY,

                                            Plaintiff,

-against-

THE CITY OF NEW YORK, N.Y.C. POLICE
DETECTIVE JOSE MORALES, SHIELD # 7476, AND
N.Y.C. POLICE DETECTIVE JOSEPH CORNETTA,
SHIELD #02518, EACH SUED INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITY, AND STACY
ALLDREDGE,

                                            Defendants.

----------------------------------------------------------------------x

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

07 CV 11399 (RJH) (KNF)

**WHEREAS,** plaintiff commenced this action by filing a complaint on or about December 19, 2008, a first amended complaint on or about March 24, 2008, and a second amended complaint on or about April 22, 2008 alleging that defendants violated his constitutional rights; and

**WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**WHEREAS,** plaintiff has authorized counsel to settle this matter as against defendants on the terms enumerated below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. This above-referenced action is hereby dismissed with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff Steven Riley the sum of THIRTY THOUSAND DOLLARS ($30,000.00) in full satisfaction of all claims, inclusive of claims for costs, expenses and attorney's fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all claims against the City of New York and all individually named defendants, and to release all defendants and any present or former employees or agents of the City of New York from any and all liability, claims, or rights of action that have or could have been alleged by plaintiff in this action arising out of the events alleged in the complaint in this action, including claims for costs, expenses and attorney's fees.

3. Plaintiff shall execute and deliver to City defendant's attorney all documents necessary to effect this settlement, including, without limitation, a release based on the terms of paragraph "2" above and an Affidavit of No Liens or an Affidavit Concerning Liens, whichever applies.

4. Nothing contained herein shall be deemed to be an admission by defendants or the City of New York that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

6. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
_____, 2008

| | |
|---|---|
| Steven Hoffner, Esq.<br>Attorney for Plaintiff<br>Law Office of Steven Hoffner, Esq.<br>350 Broadway, Suite 1105<br>New York, New York 10013<br>(212) 941-8330<br><br>By: _____<br>    Steven Hoffner, Esq. | MICHAEL A. CARDOZO<br>Corporation Counsel of the City of New York<br>Attorney for Defendants<br>100 Church Street<br>New York, New York 10007<br>(212) 788-0988<br><br>By: _____<br>    Brian Francolla<br>    Assistant Corporation Counsel |

SO ORDERED:

_____
       U.S.D.J.